UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

ALEJANDRO FABIAN SCOLNIK,   Main Case No.: 19-16856-RAM
   Chapter 7
   Debtor.
_____/
MARCIA T. DUNN, Chapter 7 Trustee   Adv. Case No.: 20-01086-RAM
of the Bankruptcy Estate of
ALEJANDRO FABIAN SCOLNIK,

   Plaintiff,
v.

PABLO BARREIRO,

   Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION TO AMEND COMPLAINT**

Plaintiff, MARCIA T. DUNN, as Chapter 7 Trustee of the bankruptcy estate of ALEJANDRO FABIAN SCOLNIK (the "Trustee" or "Plaintiff"), by and through undersigned counsel, hereby files this *Response in Opposition to Motion to Dismiss, or in the alternative, Motion to Amend Complaint* and in support thereof states as follows:

1. On May 23, 2019 (the "Petition Date"), ALEJANDRO FABIAN SCOLNIK (the "Debtor") commenced the instant bankruptcy case with the filing of a voluntary petition for relief under Chapter 11, Title 11 of the United States Bankruptcy Code.

2. On November 25, 2019, the Debtor filed his *Amended Schedules and Statement of Financial Affairs* [D.E. 144]. Item 33 of the Debtor's *Amended Schedules and Statement of Financial Affairs* [D.E. 144] lists "Loan to Pablo Barreiro" in the amount of $80,000. This loan was evidenced by a promissory note dated December 21, 2016 (the "Note") executed by the Pablo Barreiro (the "Defendant") in favor of the Debtor in the original principal amount of $80,000.00.

3. Further, the Trustee took the Debtor's Rule 2004 Examination over two (2) days. At the examination, the Debtor testified that Mr. Barreiro remained indebted to the Debtor for the Note and that no payments were made by the Defendant to the Debtor on the Note.

4. On January 13, 2020, the Trustee sent a demand letter to the Defendant.

5. The Trustee is in possession of the original Note, which has not been cancelled.

6. On February 27, 2020, the Trustee commenced this adversary proceeding against the Defendant by filing her Complaint [D.E. 1] (the "Complaint").

7. On April 17, 2020, the Court entered a *Default Final Judgment against Pablo Barreiro* [D.E. 20] against the Defendant.

8. On April 24, 2020, the Defendant filed the Motion to Dismiss [D.E. 25] stating, *inter alia*, that:

    a. The Debtor paid the Defendant the $80,000 in advance for work performed by a business located at Brickell City Centre (i.e., Brickell Restaurante LLC d/b/a Santa Fe new and Expresso at Brickell City Center ("Brickell Restaurante"), an entity owned by the Debtor).

    b. The Defendant was employed by Brickell Restaurante.

    c. The Debtor allegedly signed a release.[1]

9. There is no dispute that the Note is property of the estate pursuant to 11 U.S.C. § 541.

10. First, the Trustee contends that the general release does not release the Defendant from the Note. Florida Statutes § 673.6041(1) states as follows:

> (1) person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument:

---

[1] Attached hereto as **Exhibit 1** is a copy of the purported release.

    (a) By an intentional voluntary act, such as:

        1. Surrender of the instrument to the party;
        2. Destruction, mutilation, or cancellation of the instrument;
        3. Cancellation or striking out of the party's signature; or
        4. Addition of words to the instrument indicating discharge; or

    (b) By agreeing not to sue or otherwise renouncing rights against the party by a signed writing.

11. The cancellation or renunciation of an instrument is ineffective if it is unintentional or procured by mistake. *Gover v. Home & City Sav. Bank*, 574 So. 2d 306, 306 (Fla. 1st DCA 1991); *Equity Inv. Partners, LP v. United States*, No. 09-60002-CIV, 2011 WL 2784120, at *12 (S.D. Fla. July 12, 2011), *judgment entered*, No. 09-60002-CIV, 2011 WL 13173577 (S.D. Fla. Nov. 30, 2011) (citing *All Real Estate Title Servs. v. Minqh Quang Vuu,* 2010 WL 4630842 (Fla. DCA 2d 2010) (citing *Gover v. Home & City Sav. Bank,* 574 So. 2d 306 (Fla. 1st DCA 1991) and Fla. Stat. § 673.6041)).

12. Once a plaintiff presents an original, uncanceled promissory note, the burden shifts to the payor to prove any defenses to payment. *In re Neves*, No. AP 10-02122-LMI, 2014 WL 7070938, at *6 (Bankr. S.D. Fla. Dec. 11, 2014) (citations omitted))).

13. Considering the Debtor's schedules, the Debtor's testimony and the fact that the Note was not marked cancelled, and the language of the alleged general release, the only conclusion remains that the Note remained due and payable as of the Petition Date. The Defendant's motion references that his work was on behalf of Brickell Restaurante and not the Debtor individually, such that any release should have been by Brickell Restaurante only. The alleged general release does not specifically renounce the rights of the Debtor under the Note. This position is supported by the plain language of the document.

14. To apply the general release broadly would necessitate adding language to same.

15. Second, if the release does somehow release the Defendant and the Court vacates the judgment, the Trustee contends that the release instrument is a fraudulent transfer subject to avoidance. The Trustee requests that the Court grant the Trustee leave to amend the Complaint to assert additional theories of liabilities.

16. Fed. R. Civ. P. 15, made applicable to this proceeding pursuant to Fed. R. Bankr.P. 7015, governs amendments to a complaint. Under Fed. R. Civ. P. 15, a party may amend its pleading with leave of court, and "the court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2); *In re NuMed Home Health Care, Inc.,* 326 B.R. 859, 864 *(Bankr.M.D.Fla.2005); Pepe (U.K.) Ltd. v. Grupo Pepe, Ltda*., 1992 WL 313098 at *5 (S.D.Fla.1992). "[T]he purpose of Rule 15(a) is to assist the disposition of litigation on the merits of the case rather than have pleadings become ends in themselves." *In re NuMed Home Health Care, Inc.*, 326 B.R. at 864.

17. Here, the alleged general release was delivered to the Trustee after the Complaint was filed and after additional facts were discovered by the Trustee. The Debtor's records do not indicate that the Defendant made any payments, whatsoever, such that the release of the Note was for no consideration.

18. Accordingly, the Trustee requests that the Court deny the Motion to Dismiss [D.E. 25]. In the event that the Court vacates the judgment, the Trustee requests that the Court grant the Trustee leave to amend the Complaint to assert additional causes of action.

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. First Class Mail or Email, as indicated below, on May 6, 2020, upon the following:

Pablo Barreiro
17555 Collins Ave., Apt. 2504
Sunny Isles, FL 33160
*pablogbarreiro@yahoo.com*
*pablogbarreiro@gmail.com*
*Via US Mail and Email*

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on this 6th day of May, 2020, upon all registered users in this case.

**DUNN LAW, P.A.**
*Counsel for Plaintiff, Marcia T. Dunn, Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
Barry.Turner@dunnlawpa.com

By: */s/ Barry S. Turner*
    Barry S. Turner, Esq.
    Florida Bar No. 85535